IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 11-00058-001 |
| Plaintiff, | |
| vs. | **REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS IN A FELONY CASE** |
| KENNETH LEROY MCLAIN, | |
| Defendant. | |

Pending before the court are a petition and supporting declaration (together, the "Violation Petition) filed on November 20, 2023, a Supplemental Declaration filed on November 28, 2023, a Second Supplemental Declaration filed on December 12, 2023, a Third Supplemental Declaration filed on December 29, 2023, a Fourth Supplemental Declaration filed on February 5, 2024, and a Fifth Supplemental Declaration filed on February 7, 2024. *See* 349, 353-54, 356-57 and 360. On December 14, 2023, the Defendant entered admissions to the allegations in the Violation Petition and the first two supplemental declarations. *See* Mins., ECF No. 355. On February 8, 2024, the Defendant entered admissions to all the allegations in the Third and Fifth Supplemental Declarations and partial admissions to the Fourth Supplemental Declaration. *See* Mins., ECF No. 361. The Defendant admitted he violated his supervised release conditions as follows:

1. Admitted to the use of "meth" on November 14, 19, 20 and 27, 2023, and December 6, 26 and 28, 2023, and January 16[1] and 23, 2024, and February 6, 2024; and

2. Failed to appear for drug testing on December 14, 2023; and

---

[1] The Fourth Supplemental Declaration and Fourth Amended Worksheet indicated that the Defendant also admitted to drug use on January 17, 2024. At the hearing held on February 8, 2024, Ms. Kottke stated that the Defendant was not admitting to said allegation and that the positive drug test on January 19, 2024, was based on the Defendant's prior admission to having used "meth" on January 16, 2024.

    3.    Admitted to the use of "meth" on October 30, 2023, and November 1 and 3, 2023, as noted in the Informational Report filed on November 13, 2023 (ECF No. 346).

Having heard argument from the parties on an appropriate sanction for the violations, the court now issues this Report and Recommendation for the District Judge's consideration..

## BACKGROUND

**A.    Conviction and Sentence**

On April 8, 2013, the Defendant was sentenced to an imprisonment term of 108 months, with credit for time served, followed by five years of supervised release for the offense of Conspiracy to Distribute More than 50 Grams of Methamphetamine, a Class A felony. *See* Judgment, ECF No. 154. Among various conditions of supervised release imposed, the Defendant was ordered to refrain from the unlawful use of controlled substances and submit to urinalysis testing. *Id.* at 3-4.

On January 28, 2016, the Federal Public Defender filed a Joint Stipulation for Discretionary Relief Pursuant to 18 U.S.C. § 3582(c)(2).[2] *See* ECF No. 223. On March 18, 2016, the Chief Judge granted the request for a sentence reduction and reduced the Defendant's sentence to 87 months' imprisonment. *See* Order, ECF No. 226. All other provisions of the prior judgment remained in effect. *Id.*

He served his sentence and began his original term of supervised release on September 4, 2018. *See* Violation Petition at 1, ECF No. 237.

**B.    Post-Conviction Conduct**

On August 21, 2019, the Probation Officer filed an Informational Report. *See* ECF No. 235. According to said report, the Defendant met with the probation officer on June 17, 2019, and stated that he relapsed and smoked methamphetamine the week prior. *Id.* He signed an admission form admitting to the use of "meth" and "alcohol." *Id.* Because this was the Defendant's first incident of drug use and because he was generally compliant with his conditions, the probation officer requested that no sanctions be imposed at that time, and the court agreed. *See* Order (Aug. 22,

---

[2] The stipulation was based on Amendment 782 of the U.S. Sentencing Guidelines which reduced the offense levels across all drug types and made retroactive to a certain extent.

2019), ECF No. 236.

On May 6, 2020, the Chief Judge revoked the Defendant's term of supervised release after he admitted to allegations in a violation petition and supplemental declaration that he used methamphetamine six times, tested positive for the use of methamphetamine twice, and failed to report for drug testing on three occasions. *See* Report and Recomm., ECF No. 263, and Revocation J., ECF No. 272. The Chief Judge sentenced him to time served (about one month and 18 days), followed by 58 months of supervised release. *Id.*

On May 20, 2021, the Defendant's supervised release term was revoked a second time. *See* Am. Revocation J., ECF No. 314. The Chief Judge sentenced the Defendant to 91 days' imprisonment, followed by 56 months of supervised release, based on his admission to drug use on three occasions, seven positive drug tests for methamphetamine use, failure to report for nine scheduled drug tests and two missed substance abuse counseling sessions. *Id.* at 1 and Report and Recomm. at 2, ECF No. 303.

On April 27, 2023, the court revoked the Defendant's supervised release term for the third time and sentenced him to five months' imprisonment, followed by 49 months of supervised release. *See* Third Revocation J., ECF No. 341. The basis for the revocation was the Defendant's admissions to the use of methamphetamine, positive drug tests for methamphetamine, failure to appear for numerous drug tests, and failure to provide valid urine samples for drug tests. *Id.*

The Defendant's current term of supervised release commenced on September 5, 2023.

## CURRENT VIOLATIONS

**A.   Filing of Informational Report**

On November 13, 2023, the probation officer filed an Informational Report alleging the Defendant admitted to the use of "meth" on three occasions as discussed below.

| Date | Action |
| --- | --- |
| October 30, 2023 | Defendant report to the Lighthouse Recovery Center ("LRC") for a drug test, which was presumptive positive for methamphetamine. The Defendant signed an admission form that he used "meth" that day. |

| | |
|---|---|
| November 3, 2023 | Defendant reported to the probation office and stated that he continued to use drugs. He signed an admission form that he used "meth" on November 1, 2023.<br><br>The Defendant's counselor (Christopher Francisco) was contacted and an appointment was immediately set. The Defendant also expressed an interest in joining the DORE program and in monthly progress hearings with the Magistrate Judge. |
| November 6, 2023 | Defendant reported to LRC and tested presumptive positive for methamphetamine use. He signed an admission form that he used "meth" on November 3, 2023. |

The probation officer also noted that the Defendant tested negative on seven drug tests following his release from custody on September 5, 2023. The Defendant was scheduled for five drug tests per month. He was referred to LRC for substance abuse treatment and was gainfully employed.

At the request of the probation officer, the court issued a summons for the Defendant to appear on November 21, 2023, for a progress hearing. *See* Order, ECF No. 348.

**B.    Filing of Violation Petition**

On November 20, 2023, the probation officer filed the instant Violation Petition. See ECF No. 349. In addition to incorporating the allegations included in the Informational Report, the Violation Petition alleged that on November 15, 2023, the Defendant report to LRC for a drug test, which was presumptive positive for methamphetamine. He signed an admission form that he used "meth" on November 14, 2023.

The probation officer requested that the court address the Violation Petition at the Defendant's upcoming progress hearing.

**C.    First Progress Hearing**

On November 21, 2023, the parties came before the court. *See* Mins., ECF No. 351. The court noted that a formal Violation Petition had been filed, and Ms. Lujan requested that the answering be continued until early December, when Ms. Kottke returns to Guam and could handle the matter. The probation officer reported that the Defendant submitted to a drug test on November 20, 2023, which was presumptive positive, and the Defendant thereafter admitted that he used drugs on November 19, 2023. The probation officer stated that her office would like the

Defendant to switch the vendor that provides him with substance abuse treatment, to see if switching to WestCare would offer the Defendant something different. The probation officer also reported that the Defendant was gainfully employed and had tested negative on seven drug tests following his recent release from imprisonment, so she's not sure what caused him to relapse. Without objection, the matter was continued to December 14, 2023, and the Defendant was allowed to remain on release. The probation officer was instructed to file a supplemental declaration prior to the next hearing to incorporate the recent alleged violation reported at the hearing.

**D.    Filing of Supplemental Declarations**

On November 28, 2023, the probation officer filed a Supplemental Declaration, *see* ECF No. 353, alleging the following additional violations:

| Date | Action |
| --- | --- |
| November 20, 2023 | Defendant report to LRC for a drug test, which was presumptive positive for methamphetamine use. The Defendant signed an admission form that he used "meth" on November 19, 2023.[3] |
| November 24, 2023 | Defendant reported to LRC and tested presumptive positive for methamphetamine use. He signed an admission form that he used "meth" on November 20, 2023. |
| November 27, 2023 | Defendant reported to LRC and tested presumptive positive for methamphetamine use. He signed an admission form that he used "meth" on November 27, 2023. |

On December 12, 2023, the probation officer filed a Second Supplemental Declaration, *see* ECF No. 354, alleging the Defendant submitted to a drug test at LRC which was presumptive positive for methamphetamine use. The Defendant signed an admission form that he used "meth" on December 6, 2023.

**E.    Admissions**

On December 14, 2023, the Defendant appeared before the court and entered admissions to the allegations in the Violation Petition, the Supplemental Declaration and the Second Supplemental Declaration. *See* Mins., ECF No. 355. The court set arguments on disposition for February 6, 2024, and ordered that the Defendant self-surrender on December 15, 2023, and would be released on

---

[3] This information was orally provided to the court at the November 21st hearing.

December 18, 2023. The court encouraged the Defendant to keep working the program and stated that hopefully the Defendant's new counselor could provide him with a new approach to remain drug free.

### F.   Filing of Third Supplemental Declaration

On December 29, 2023, the probation officer filed a Third Supplemental Declaration. *See* ECF No. 356. The probation officer detailed the following alleged violations in said filing:

| Date | Action |
|---|---|
| December 14, 2023 | Defendant failed to report to LRC for a scheduled drug test. |
| December 26, 2023 | Defendant reported to LRC and tested presumptive positive for methamphetamine use. He signed an admission form that he used "meth" that same day. |
| December 27, 2023 | Defendant reported to LRC and tested presumptive positive for methamphetamine use. He signed an admission form that he used "meth" on December 26, 2023. |
| December 28, 2023 | Defendant reported to LRC to participate in the detox program for about 7-14 days as part of a DORE pilot program. Upon entry, he tested presumptive positive for methamphetamine use. He signed an admission form that he used "meth" that same day. |

In addition to the above allegations, the probation officer reported that she ran into the Defendant after his release from custody on December 18, 2023. He was at the Department of Corrections waiting for a ride, and he told the probation officer that he snorted methamphetamine while in custody.

### G.   Filing of Fourth Supplemental Declaration

On February 5, 2024, the probation officer filed a Fourth Supplemental Declaration, *see* ECF No. 357, alleging the Defendant committed the following additional violations:

| Date | Action |
|---|---|
| January 17, 2024 | Defendant reported to LRC for a drug test, which was presumptive positive for methamphetamine use. The Defendant signed an admission form that he used "meth" on January 16, 2024. |
| January 19, 2024 | Defendant reported to LRC and tested presumptive positive for methamphetamine use. He signed an admission form that he used "meth" on January 17, 2024. |
| January 23, 2024 | Defendant tested presumptive positive for methamphetamine use at drug tests administered at LRC. He signed an admission form each time that he used "meth" on January 23, 2024. |
| January 24, 2024 | |
| January 26, 2024 | |

### H. Issuance of Arrest Warrant

On February 6, 2024, the case came before the court but the Defendant was not present. *See* Mins., ECF No. 358. In light of the recent allegations in the Third and Fourth Supplemental Declarations, the court ordered that an arrest warrant issue for the Defendant.

On February 7, 2024, the Defendant self-surrendered to the U.S. Marshals Service.

### I. Filing of Fifth Supplemental Declaration

On February 7, 2024, the probation officer filed a Fifth Supplemental Declaration. *See* ECF No. 360. The probation officer stated that on February 6, 2024, the Defendant reported to LRC for a drug test, with presumptive positive results for methamphetamine use. The Defendant signed an admission form that he used "meth" that same day.

### J. Further Admissions and Detention

On February 8, 2024, the parties appeared before the court. *See* Mins., ECF No. 361. The Defendant entered admissions to all the allegations in the Third and Fifth Supplemental Declarations, *see* ECF Nos. 356 and 360, and partial admissions to the Fourth Supplemental Declaration, *see* ECF No. 357, with the exception of the alleged use of "meth" on January 17, 2024. Ms. Kottke asked that arguments on disposition be continued for two weeks because the Defendant was working on getting a GTA line installed for use with location monitoring equipment. She explained that the Defendant has been struggling, juggling his full-time work[4] and the responsibilities of being a parent to children who were abandoned by their mother (his significant other). Ms. Kottke stated that the Defendant was just so overwhelmed that he forgot about his court hearing scheduled on February 6th. She acknowledged that all the violations do not "look great on paper" but the Defendant has been really trying and maintains communication with his treatment team, his probation officer and his attorney. He even peacefully self-surrendered to the U.S. Marshals Service when he was informed that a warrant had issued for his arrest. The court stated that it could not allow a functioning addict to exist, that he would not be allowed to test positive every week without consequences. The court noted this was his fourth revocation proceeding. The court ordered that the Defendant be detained

---

[4] Ms. Kottke stated that his employer (Mr. Hemlani) was very supportive of the Defendant's efforts to attend treatment sessions and report for his drug tests.

for now and to do some "soul searching" on what he can and cannot do because his addiction has to be a addressed. The court set a status hearing for February 15, 2024,[5] to see what conditions may be available to allow him to be released. The court also set arguments on disposition for February 21, 2024.

**K.     Release from Custody**

On February 21, 2024, the parties came before the court, and the court agreed to release the Defendant with a strict drug testing regimen. *See* Mins., ECF No. 364. At defense counsel's request, the court continued arguments on disposition to March 5, 2024.

On March 5, 2024, the parties again came before the court, and the probation officer confirmed that the Defendant had tested negative on all tests administered since his most recent release from custody. *See* Mins., ECF No. 365. The probation officer did not object to the Defendant's continued release pending the final disposition hearing. The court also ordered that the Defendant may be tested by sweat patch so that he didn't have to report so frequently for drug testing and could focus on attending treatment and his work. The parties then presented their respective arguments as to an appropriate sentence for the violations. Having reviewed the record herein and considered the parties' recommendations, the court now issues this Report and Recommendation.

## LEGAL STANDARD

The standard of proof for revocation of supervised release is governed by statute. A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). Revocation is mandatory if a defendant tests positive more than three times over the course of one year. *See* 18 U.S.C. § 3583(g)(4).

## PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED

According to the Fifth Amended Violation Worksheet, the violations are Grade C violations,

---

[5] This hearing was later continued to February 21, 2024. *See* ECF Nos. 362-63.

which carry the potential for 3-9 months of imprisonment under the sentencing guidelines, based on the Defendant's criminal history category of I, followed by 40-46 months of supervised release. *See* 5th Am. Violation Worksheet at ¶¶7-10 and 13, ECF No. 360-1.

Defendant's underlying offense of conviction was a Class A felony, so revocation could result in not more than five years of additional imprisonment. This is the Defendant's fourth revocation proceeding. For the first revocation on May 6, 2020, the Defendant received a sentence of time served (about one month and 18 days), followed by 58 months of supervised release. For the second revocation on May 20, 2021, the Defendant was sentenced to time served (about 91 days) and 56 months of supervised release. Finally, the third revocation was on April 27, 2023, where he received a sentence of five months' imprisonment and 49 months of supervised release. The Defendant has served a total of approximately 10 months, leaving a maximum of 50 months for any possible revocation sentence. He presently has a total of 13 days of confinement credit.

The probation officer recommended a sentence of six months' imprisonment and 43 months of supervised release. She stated that the Defendant's residence is not suitable for the installation of location monitoring equipment because it has no electricity yet. The United States supported the recommendation for a six-month sentence.

Defense counsel reported that the Defendant was working with a counselor to contact Child Protective Services about the children left in his care. She further stated that the Defendant was waiting for an opening for a studio apartment but was working to pay the utility arrears and have a landline installed. Ms. Kottke stated that the Defendant's employer/landlord was willing to put the utilities in his name and get services installed as soon as possible. She said that the Defendant has been attending all his counseling appointments and working every day when not at classes or appointments to keep busy and pay the arrears owed. Ms. Kottke asked for a split sentence of time serve, with the remaining five months on home confinement with location monitoring. Defense counsel argued the Defendant has made great strides with his new counselor and will retry to get into DORE.

As the court noted previously, the Defendant is an admitted drug addict, and a lengthy jail sentence with no opportunity to participate in drug treatment will not make him any less of an addict

when he is eventually released. Based on the Defendant's assessment at WestCare on December 1, 2023, the Defendant was deemed to be in need of weekly individual sessions and group MRT sessions. He remains gainfully employed, with the full support of his employer, and participates in his counseling sessions. He has also been testing negative for drugs on his latest drug tests. While the Defendant has noble intentions to support and provide a place for the children left in his care, the Defendant must remain focused on his primary objective – to comply with his supervised release conditions and maintain sobriety. Although this is the Defendant's fourth revocation proceeding, the Defendant has come a long way. He has been honest with the probation officer and his counselor about his situation, and the court is willing to take another chance on him. Accordingly, the court recommends a split sentence[6] of one month imprisonment and five months of home detention with location monitoring. The recommended sanction provides just punishment, affords adequate deterrence and gives the Defendant the ability to continue participating in drug treatment sessions.

## RECOMMENDATION BY MAGISTRATE JUDGE

Having considered the above factors, the undersigned recommends the district judge accept the Defendant's admissions to violations noted above, revoke the Defendant's supervised release term and impose a split sentence of one month imprisonment, followed by 48 months of supervised release, with a condition that he serve five months of home detention with location monitoring.

///
///
///
///
///
///
///

---

[6] *See* USSG § 7B1.3(c)(1)(B) ("Where the minimum term of imprisonment . . . is at least one month but not more than six months, the minimum term may be satisfied by . . . (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term.").

A disposition hearing shall be held on May 9, 2024, at 1:30 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge

DATE: April 8, 2024

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**